## TAKACS v CHASE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15827.   Decided March 22, 1937

Harrison & Marshman, Cleveland, for plaintiff-appellant.

Thompson, Hine & Flory, Cleveland, for defendant-appellee.

MONTGOMERY, PJ, SHERICK and LEMERT, JJ (5th Dist), sitting by designation.

### OPINION

By MONTGOMERY, PJ.

The appellant brought her action in the Court of Common Pleas for damages sustained by her in an automobile collision. The jury, upon trial, returned a verdict adverse to her, and judgment having been entered upon the verdict, she perfected an appeal to this court.

The assignments of error are three, to-wit:

1. That the verdict of the jury was manifestly against the weight of the evidence.

2. That the court erred in its charge to the jury.

3. That the court erred in refusing to permit counsel for plaintiff below to interrogate the jurors with reference to their connection with liability insurance companies.

The record in this case shows that the plaintiff was in an automobile with her husband, plaintiff being seated upon the right hand side of the automobile and to the right of her husband who was driving

the car. At the time of the collision this automobile was being backed from a private driveway from the south, to and upon Woodland Avenue in the city of Cleveland. At the same time there was approaching from the west the automobile being driven by the appellee, Chase. The car of the latter struck the rear of the Takacs car, resulting in the injuries which the plaintiff sustained.

The only witnesses were the three occupants of the two cars and one young woman who was standing on the sidewalk waiting for a street car then due on Woodland Avenue. This witness testified that the Chase car was going at a rate of about twenty-five or thirty miles per hour, and was proceeding in an ordinary manner. She further testified that the Chase car hit the other car as it was coming out of the driveway and she specifically stated that the Takacs car was backing out. The photograph of the Takacs car in evidence shows that the rear of the same was hit a glancing sidewise blow and was not hit squarely in the rear.

It is questionable whether or not under the evidence there was any negligence shown on the part of appellee, Chase. In any event, from a reading of this record we are unable to say that the verdict was manifestly against the weight of the evidence. The jury might well have reached the conclusion which it did reach.

It is objected that the court improperly injected into the case the question of contributory negligence of the plaintiff and improperly charged the jury with reference to contributory negligence. We see nothing wrong with the charge. of the court either in its statements with reference to contributory negligence or in the other matters complained of, and the charge is correct if there was any evidence of contributory negligence on the part of plaintiff below. Was there any evidence such as to justify this portion of the charge? We think so. Plaintiff was seated to the right of the driver. She had the opportunity to see whether cars were approaching from the west, which the driver of the car presumably did not have an opportunity to see. The evidence is that she assumed to be upon the look-out for the approach of cars, that she did observe this car approaching from the west. There was the opportunity and there was the duty imposed upon her under these circumstances to warn the driver of the approach of the car, and the possible peril involved in backing his car out into the course of the car coming from the west.

The remaining question is that of the refusal to permit examination of the jurors upon voir dire by counsel for plaintiff below. Her counsel in open court admitted that the trial court had in some detail interrogated these jurors as to their possible connection with any liability insurance companies. Counsel then assumed the right of going further into this matter and thereby stressing the proposition. According to the record before us and the admissions of counsel, the trial court went far enough in its interrogation on this subject The nature and extent of the inquiry was within his discretion. He did not abuse it. We certainly do not intend to extend the doctrine as laid down in the last pronouncement of the Supreme Court upon this issue. We see no error in this respect.

It follows that the judgment of the Common Pleas Court will be affirmed. Exceptions may be noted.

SHERICK and LEMERT, JJ, concur.